IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON ARTHUR GALLE SR., | ) | 8:09CV326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY SHERIFFS | ) | |
| OFFICE, and MICHAEL SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 16, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 16, 2009, against Douglas County Sheriff's Deputy Michael Smith ("Smith"). (Filing No. 1 at CM/ECF p. 2.)[1] Plaintiff is a prisoner currently incarcerated at the Douglas County Correctional Center. (*Id.*)

Condensed and summarized, Plaintiff alleges that Smith approached him in a hotel hallway on May 7, 2008. (*Id.* at CM/ECF p. 5.) Smith was not in uniform and did not identify himself to Plaintiff as a police officer. (*Id.*) Smith and an unidentified female began questioning Plaintiff "regarding criminal activity." (*Id.*)

---

[1] The Clerk of the court docketed "Douglas County Sheriff's Office" as a Defendant. However, it appears that Plaintiff asserts claims against Smith only, and identifies him as a "Douglas County Sheriff's Office Deputy." (Filing No. 1 at CM/ECF p. 2.) The court will direct the Clerk of the court to correct its records.

Plaintiff walked away from the individuals because he feared he was "being robbed or assaulted." (*Id.* at CM/ECF pp. 5-6.) Smith then grabbed Plaintiff, "slammed" him against the wall, punched him, and "a struggle ensued." (*Id.* at CM/ECF p. 6.) As Plaintiff attempted to get away from the assault, Smith shot Plaintiff in his chest and leg. (*Id.*) Smith never identified himself as a police officer throughout this "struggle." (*Id.*) Plaintiff seeks $5,000,000.00 in monetary damages. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege an excessive force claim under the Fourth Amendment against Smith. The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively [un]reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Here, Plaintiff alleges that Smith grabbed him, "slammed" him against the wall, punched him, and eventually shot him twice, in his chest and leg. (Filing No. 1 at CM/ECF pp. 5-6.) At no time did Smith identify himself as a police officer and Plaintiff therefore thought he was being assaulted and robbed. The court finds that these allegations are sufficient to nudge Plaintiff's excessive force claims against Smith across the line from conceivable to plausible, and Plaintiff may proceed on his claim. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant may proceed and service is now warranted.

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will

copy the Complaint, and Plaintiff does not need to do so.

4.  Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.  The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "April 13, 2010: Check for completion of service of summons."

7.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

8.  The Clerk of the court is directed to update the court's records in this matter by terminating "Douglas County Sheriff's Office" as a Defendant.

December 14, 2009.                BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.